| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER GRANTING MOTION TO REMAND [11][14]

On February 27, 2018, Plaintiff Copeland Richards filed a class action complaint in California state court on behalf of himself and others similarly situated of all non-exempt, hourly-paid current or former employees of Defendant The Now, LLC ("The Now"), alleging various labor violations and unfair business practices. Dkt. 1-1. On April 30, 2018, Plaintiff Ceeca Begley filed similar class action claims in California state court, including a claim under the California Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698 *et seq.* ("PAGA"). Dkt. 1-2. On August 20, 2018, the two putative class actions were consolidated in state court, Dkt. 1-3, and a Consolidated Class Action Complaint was subsequently filed on September 19, 2018, Dkt. 1-4, followed by a First Amended Class Action Complaint ("FACC") on November 9, 2018, Dkt. 1-5 (the "FACC").

On December 6, 2018, Defendants removed Plaintiffs' case to federal court. Dkt. 1. On December 28, 2018, Plaintiffs filed a Second Amended Consolidated Complaint, Dkt. 10 (the "SACC"), without requesting leave to amend. The Court construed the filing as a motion for leave to file an amended complaint, granted leave to amend, and accepted the SACC as filed. Dkt. 13.

Now before the Court is Plaintiffs' motion to remand this case to state court, on the ground that the SACC does not support the existence of diversity jurisdiction in federal court. *See* Dkt. 11. For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

**I.      Standard of Review**

      The Class Action Fairness Act of 2005 ("CAFA") provides federal district courts with original jurisdiction over class actions involving at least 100 class members, minimal diversity, and at least $5 million in controversy. *See* 28 U.S.C. § 1332(d)(2), (5)(B). Where a defendant seeks to remove a class action filed in state court pursuant to CAFA, a defendant need only plausibly allege in the notice of removal that the CAFA prerequisites are satisfied. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014). If the plaintiff seeks to remand the class action back to state court, however, the defendant bears the evidentiary burden of establishing federal jurisdiction under CAFA by a preponderance of the evidence. *See id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)); *see also Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013) (stating in a CAFA removal case that "[t]he party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met") (citation omitted).

      Importantly, there is no presumption against removal under CAFA as there is for a typical removal of a state court case on diversity grounds. *See Dart Cherokee*, 135 S. Ct. at 554 ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."). In fact, the Supreme Court quoted Congress's intention for CAFA's provisions to be construed "broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (internal quotation marks and citation omitted).

**II.     Analysis**

      Plaintiffs make two separate arguments as to why Defendants have not established federal jurisdiction under CAFA. First, Plaintiffs assert that their damages sought do not satisfy the $5 million threshold necessary under CAFA, and that Defendants have failed to provide admissible evidence to support a plausible finding that damages may exceed that amount. Second, in their reply brief, Plaintiffs for the first time argue that the SACC, filed after Defendants removed the case based on the FACC, fails to provide for even minimal diversity of parties. The Court will address the minimal diversity issue first before turning to the amount in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

**A.     Minimal Diversity**

As noted above, CAFA requires only minimal diversity between the parties, which, in the class-action context, exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A class member's state of citizenship is determined by domicile, which requires more than simply maintaining a residential address in a given state. *See King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 879 (9th Cir. 2018).

Embedded in the removal statute is the "home-state controversy" exception to minimal diversity jurisdiction under CAFA, which requires district courts to decline to exercise jurisdiction over class actions where at least two-thirds of class members, and all primary defendants, are citizens of the state in which the action was filed. 28 U.S.C. § 1332(d)(4)(B). It is the plaintiff who bears the burden to show by a preponderance of the evidence that the home-state controversy exception to CAFA jurisdiction applies. *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. 2015) (citations omitted); *see also Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (factual findings for purposes of CAFA jurisdiction are assessed under the preponderance of the evidence standard, which requires "at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception"); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").[1]

        1.     *Which Complaint Controls for Purposes of CAFA Citizenship*

Generally, the citizenship of class members for purposes of establishing minimal diversity under CAFA must be determined with reference to the operative pleadings at the date of removal. *Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *see also Doyle v. OneWest Bank, FSB*, 764 F.3d 1097, 1098 (9th Cir. 2014) (reversing a district court's determination of citizenship based on a complaint filed in the federal court

---

[1] *Benko* and other cases cited in this Order analyze a similar exception to CAFA jurisdiction, referred to as the "local controversy" exception, which applies when not all principal defendants are residents of the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A). Like the home-state controversy exception, the local controversy exception requires greater than two-thirds of the proposed class members to be citizens of the state in which the action was originally filed. *Id.* § 1332(d)(4)(A)(i)(I). Therefore, the Court views cases addressing the class citizenship requirements of the local controversy exception as instructive and equally applicable to the instant motion to remand predicated on the home-state controversy exception.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

after removal because the court "should have determined the citizenship of the proposed plaintiff class based on [the plaintiff's] complaint 'as of the date the case became removable'") (quoting *Mondragon*, 736 F.3d at 883). However, the Ninth Circuit has previously recognized a limited exception that permits a court to consider a plaintiff's amended complaint filed after removal for purposes of the court's jurisdictional analysis under CAFA.

In *Benko*, the plaintiffs filed a class action in Nevada state court, which one of the defendants removed to federal court under CAFA shortly afterwards. 789 F.3d at 1115. In federal court, the plaintiffs attempted to amend their complaint to add additional information concerning their allegations against the removing defendant, a Nevada citizen, but the district court denied the plaintiffs' amendment on futility grounds. *Id.* at 1115, 1117. The Ninth Circuit first overturned the district court's denial of the plaintiffs' motion for leave to amend, finding that the district court abused its discretion. *Id.* at 1117. Then, turning to the question of whether the local controversy exception applied, the Ninth Circuit held that the district court should have allowed the plaintiffs to amend their complaint so that the district court could consider the amended complaint as part of the jurisdictional analysis under CAFA. *Id.* The court reasoned that the plaintiffs "did not amend the [complaint] to eliminate a federal question so as to avoid federal jurisdiction. Rather, the Plaintiffs amended the [complaint] to elaborate on estimates of the percentage of total claims asserted against [the removing defendant], an in-state Defendant, and the dollar value of those claims." *Id.* The court found that consideration of this information, which is "directly related to CAFA's local controversy exception," should have been permitted by amendment under the liberal amendment standards of Federal Rule of Civil Procedure 15. *Id.* Crucially, the Ninth Circuit further explained that amendment to clarify issues relevant to CAFA jurisdiction should be allowed because "there is a possibility that a class action may be removed to federal court, with a complaint originally drafted for state court," and state court complaints "may not address CAFA-specific issues, such as the local controversy exception." *Id.*

Since *Benko*, the Ninth Circuit has narrowly construed plaintiffs' ability to amend a complaint to add additional CAFA-specific information that could be considered for jurisdictional purposes. In *Broadway Grill*, the Ninth Circuit interpreted *Benko* as allowing amendment "only to provide some amplification, for federal jurisdictional purposes, of the nature of plaintiffs' allegations." 856 F.3d at 1277. However, *Broadway Grill* rejected the notion that a plaintiff could similarly alter "the definition of the class itself" as a permissible clarification of federal jurisdiction under CAFA, holding that "such an amendment is outside the exception recognized in *Benko* and thus cannot affect the removability of the action." *Id.* at 1277-78; *see also id.* at 1279 ("Our decision in *Benko* did not sanction post-removal amendments that change the nature of the claims or the make up of the class.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

Per the above authority, Plaintiffs' alteration of the class definition in the SACC from California residents to California citizens is not a permissible clarification of CAFA-specific issues sufficient to allow the Court to consider the SACC for purposes of Plaintiffs' motion to remand. Plaintiffs' post-removal amendments to the citizenship of the class altered the composition of the class itself and did not provide additional information relevant to the home-state controversy exception that was absent from the state court complaint. *Compare* FACC ¶¶ 3-8, 71 (identifying the individual Plaintiffs as individuals "residing in" California and defining the proposed class as "[a]ll persons who are employed or have been employed by Defendants in the state of California" without explicitly addressing the citizenship of those employees), *with* SACC ¶¶ 3-8, 71 (maintaining the same description of the individual Plaintiffs but changing the class definition to "[a]ll persons who are employed or have been employed by Defendants in the State of California, *who are California Citizens* as of the date of the filing of this amended complaint . . .") (emphasis added). Because the SACC merely changes the definition of the class and fails to provide additional CAFA-specific information, the motion to remand must be assessed based on the allegations as set forth in the FACC, the operative complaint at the time of Defendants' removal to federal court. *See Broadway Grill*, 856 F.3d at 1277-78.

Plaintiffs cite to *In re Anthem, Inc.*, 129 F. Supp. 3d 887 (N.D. Cal. 2015), where the district court held that the plaintiffs' amended complaint, clarifying that the class was comprised not of "residents" of Missouri but of "citizens," could be considered for jurisdictional purposes under CAFA. *Id.* at 894-95 (citing *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1291, 1293 (S.D. Cal. 2014)). The district court reasoned that the plaintiffs had no reason to distinguish between residency and citizenship for pleading purposes in the state court, based on state law requirements, and therefore such a clarification of class definition fell within *Benko*'s instruction to allow amendments where the state court complaint may not address a CAFA-specific issue. *Id.* at 895. Despite the district court's persuasive reasoning, the Ninth Circuit's subsequent decision in *Broadway Grill* is directly rejects the result reached in *In re Anthem*, effectively overruling both *In re Anthem* and *Weight*, in addition to any other district court decision allowing amendment of the class definition for purposes of clarifying CAFA jurisdiction. *See Broadway Grill*, 856 F.3d at 1276 (citing *In re Anthem* as an example of "uncertainty in the district courts as to when post-removal amendments may be allowed").

Indeed, following the Ninth Circuit's decision in *Broadway Grill*, district courts are in accord that a plaintiff may not amend a complaint to clarify that the class definition was intended to apply to citizens of a state, not residents. *See, e.g.*, *Francisco v. Emeritus Corp.*, No. CV 17-02871-BRO (SSx), 2017 WL 2541401, at *3 (C.D. Cal. June 12, 2017) (assessing CAFA jurisdiction for purposes of the

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

plaintiff's motion to remand by reference to the original complaint because the amended complaint "alters the class definition to plead a narrower class" which "does not fall within the 'very narrow' exception created in *Benko* and *Broadway Grill*"); *Stern v. RMG Sunset, Inc.*, No. 17-CV-1646 JLS (NLS), 2018 WL 2296787, at *7 (S.D. Cal. May 21, 2018) (examining the date of service of the plaintiff's motion for class certification as the operative date for assessing CAFA jurisdiction because "if the Court were to allow [the plaintiff's] post-removal amendment to only include California citizens it would clearly alter the definition of the class and allow Plaintiff to avoid Federal jurisdiction" contrary to *Broadway Grill*); *Justin Dada v. Cybercoders, Inc.*, No. SACV 18-01023 JVS(JDEx), 2018 WL 6133673, at *3 (C.D. Cal. July 16, 2018) (rejecting the plaintiffs' post-removal attempt to restrict the class to California citizens and remove a plaintiff from Texas as improper under *Broadway Grill*).

Therefore, because Plaintiffs' attempt to clarify the citizenship of class members in the SACC is not a permissible clarification of CAFA-specific issues under binding Ninth Circuit authority, the Court must disregard the SACC and instead analyze the FACC, the operative complaint at the time of removal, for purposes of determining whether federal jurisdiction exists under CAFA.

2. *Evidence of Citizenship*

When assessing the citizenship of the class members as set forth in the FACC, there is a dearth of evidence as to the citizenship of the class.[2] As noted above, the FACC defines the class members as all current or former employees of Defendants, without reference to the citizenship or residence of class members. Defendants assert that at least two putative class members are non-California citizens, one a citizen of Idaho and the other of Oregon. Dkt. 1 ¶¶ 26-28. Plaintiffs do not challenge the out-of-state citizenship of these two putative class members and do not otherwise argue that minimal diversity is not satisfied in this case. It is entirely possible—if not likely—that at least two current or former employees of Defendants within the past four years are presently citizens of different states, whether those class members were temporarily residing in California during their employment or whether some of the employees previously domiciled in California have since moved elsewhere. *See, e.g.*, *King*, 903 F.3d at 879 (finding it "likely" that some class members formerly employed by the defendant within the prior four years with "last-known addresses in California" had since moved out of California and relying on the defendant's evidence that at least one employee had become a Texas citizen and another had permanently moved to Arizona); *see also id.* (elaborating that "it is not implausible that at least a few [class members] were citizens of other states even if they temporarily had a residential address in

---

[2] The parties appear to agree that all Defendants are citizens of California and no other state. *See* Dkt. 1 ¶ 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

California, such as an out-of-state student working while attending college in California"). Thus, because Defendants only must plausibly allege minimal diversity in the absence of a challenge to minimal diversity by Plaintiffs, see *Dart Cherokee*, 135 S. Ct. at 554, Defendants have satisfied their burden of showing minimal diversity under CAFA through the plausible allegations in the notice of removal.[3]

Turning to the home-state controversy exception, Plaintiffs have not met their burden to establish that over two-thirds of the putative class are citizens of California. Plaintiffs attach no evidence to support a finding that any class member, let alone two-thirds of the class members, are actually citizens of California. To the extent that Plaintiffs argue for a plausible inference that the majority of class members in the FACC, each of which is an employee of Defendant in California, are California citizens, the removal statute does not allow for remand "based simply on a plaintiff's allegations, when they are challenged by the defendant." *Mondragon*, 736 F.3d at 884. Although courts "should consider the entire record to determine whether evidence of residency can properly establish citizenship," *id.* at 886 (internal quotation marks and citation omitted), Plaintiffs' failure to include "at least some facts in evidence," *id.* at 884, means that Plaintiffs have failed to satisfy their evidentiary burden. *See also id.* (rejecting the plaintiff's arguments "for allowing a district court to make the required factual finding [on the citizenship of class members] where no evidence has been presented" because "[a] jurisdictional finding of fact should be based on more than guesswork").

Even if Plaintiffs defined the putative class in the FACC to include only "residents" of California, as noted above, a residential address in California does not guarantee that the individual's legal domicile is also California. *See King*, 903 F.3d at 879 ("A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile was in California.") (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Plaintiffs have offered no evidence that would allow the Court to determine whether Plaintiffs' proposed class in the FACC, constituting current or former employees in California,

---

[3] The Court notes that, had Plaintiffs challenged whether there is minimal diversity between Defendants and the class identified in the FACC, Defendants' barebones allegations in the notice of removal that two class members were out-of-state citizens would have been insufficient to meet Defendants' burden to establish CAFA jurisdiction by a preponderance of the evidence. *See Dart Cherokee*, 135 S. Ct. at 554. As the Supreme Court noted, a defendant's allegation supporting CAFA jurisdiction "should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. Because Plaintiffs did not challenge this issue, and because it is entirely plausible that at least one class member in the FACC is a citizen of a state other than California, the Court sees no reason to initiate an independent inquiry into Defendants' factual basis for these allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

establishes that at least two-thirds of class members are citizens of California. Because the Court must have some evidentiary basis in the record to infer the citizenship of Plaintiffs' proposed class of employees in California for the purposes of the home-state controversy exception to CAFA jurisdiction, Plaintiffs' failure to include any such corroborating evidence necessarily means that Plaintiffs have not met their evidentiary burden to establish that the home-state controversy exception applies. *See, e.g.*, *Alvarez v. XPO Logistics Cartage, LLC*, No. 18-CV-03736-SJO (AS), 2018 WL 3203086, at *3-4 (C.D. Cal. June 29, 2018) (finding the local controversy exception inapplicable due to "the complete lack of factual support" for a finding that at least two-thirds of Plaintiffs' proposed class of employees misclassified as independent contractors were California citizens).

In summary, Defendants have met their minimal burden to include plausible allegations in the notice of removal supporting minimal diversity for purposes of CAFA jurisdiction. Plaintiffs have failed to provide any admissible evidence to establish that the home-state controversy exception applies to the class defined by the FACC. Therefore, the first requirement of CAFA jurisdiction is met, and the Court will now turn to the question of CAFA's amount-in-controversy requirement, the primary issue litigated by the parties.

### B. Amount in Controversy

As noted earlier, federal jurisdiction under CAFA exists for class actions in which the amount in controversy exceeds $5,000,000, assessed by reviewing the claims of all individual class members in the aggregate. 28 U.S.C. § 1332(d)(2), (6). Because Plaintiffs do challenge Defendants' allegations that the amount in controversy under the FACC exceeds $5 million, Defendants must produce admissible evidence that establishes by a preponderance that the amount in controversy threshold is satisfied. *Dart Cherokee*, 135 S. Ct. at 554; *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The preponderance of the evidence standard, in practical terms, requires the defendant to provide persuasive evidence that "the potential damages *could* exceed the jurisdictional amount," *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (emphasis added), as opposed to requiring "a prospective assessment of defendant's liability" to any degree of certainty, *id.* at 400.

"In determining the amount in controversy, courts first look to the complaint" to determine if the plaintiff has articulated in good faith a specific sum sought from the defendant. *Ibarra*, 775 F.3d at 1197. If the complaint does not state the requested amount of damages, or if the defendant believes the specific damages sought are understated, the parties may submit evidence outside the pleadings, and such evidence includes "affidavits, declarations, or other 'summary-judgment-type evidence relevant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

the amount in controversy at the time of removal.'" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Importantly, the defendant bears not only the burden to put forward "real evidence" of the amount in controversy, but also must "persuade the court that the estimate of damages in controversy is a reasonable one." *Id.* This evidentiary requirement serves to prevent a defendant from establishing the CAFA amount-in-controversy requirement through "mere speculation and conjecture, with unreasonable assumptions." *Id.*

The FACC does not estimate or otherwise state the amount of damages sought from Defendants in this action. Therefore, Defendants bear the burden to prove by a preponderance of the evidence that the damages Plaintiffs seek on behalf of the class could conceivably exceed $5 million as required under CAFA. In its Notice of Removal, Defendants assert that the amount in controversy is in excess of the $5 million threshold. Dkt. 1 at 15. Plaintiffs identify two categories of challenges to Defendants' calculated damages, the first attacking Defendants' submitted evidence as insufficient to meet Defendants' evidentiary burden and the second contesting Defendants' articulated assumptions based on the allegations in the FACC as unreasonable.

      1.    *Lu Declaration*

In support of their allegations about the amount in controversy, Defendants attach the declaration of Lihua Lu, a "Staff Accountant" that provides administrative support for The Now. *See* Declaration of Lihua Lu, Dkt. 15-2 ("Lu Decl."). In this declaration, Lu avers to having personal knowledge about, and access to, The Now's employment records and has reviewed those records, kept and maintained by The Now in the ordinary course of business, in preparing the declaration. *Id.* at 1. Lu provides estimates and figures as to the following information: (1) the number of massage therapists employed by The Now as independent contractors during the class period, *id.* ¶ 2; (2) the number of shifts those massage therapists worked during the class period, *id.* ¶ 3; (3) the portion of those shifts that exceeded 3.5 hours or 5 hours in length, *id.*; (4) the number of massage therapists that "separated" from The Now during the class period, *id.* ¶ 4; (5) the average wages for each massage therapist during a shift, *id.* ¶ 5; and (6) the total pay periods worked by massage therapists during the class period, *id.* ¶ 6. Neither Lu nor Defendants elsewhere attached any of the underlying employment records to corroborate this information.

In response to Lu's declaration, Plaintiffs argue that Lu's assertions in the declaration are conclusory and insufficient to satisfy the "summary judgment" standard of evidence required by *Ibarra*. Plaintiffs point to a number of cases in this district where the court found similar uncorroborated declarations or party statements insufficient to carry the defendant's burden of persuasion to establish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

CAFA jurisdiction in response to a motion to remand. *See, e.g., Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1120-23 (C.D. Cal. 2016) (assessing and rejecting the defendant's declaration from a Senior Regional Asset Protection Manager as insufficient to establish the defendant's burden of persuasion under CAFA because the declarant did not adequately describe the source of his personal knowledge and did not describe "with any particularity" the records he reviewed in connection with the declaration); *Davis v. Barney's, Inc.*, No. CV 18-6627-JFW(SKX), 2018 WL 4940801, at *2 (C.D. Cal. Oct. 11, 2018) (rejecting declarations from the defendant's Senior Vice President of Finance as insufficient to support the defendant's burden because the declarations merely contained "unsupported and conclusory statements," the declarant failed to attach any underlying employment records relied upon, and the declarant "fail[ed] to provide the Court with any information as to the method she employed to arrive at her estimates or why she was unable to provide more accurate and concrete numbers"); *Vitale v. Celadon Trucking Servs., Inc.*, No. CV16-8535 PSG (GJSx), 2017 WL 626356, at *4 (C.D. Cal. Feb. 15, 2017) (finding that the defendant did not satisfy its burden by failing to present additional evidence of damages exceeding $5 million and only relying on the plaintiff's estimate of damages in a prior mediation statement which the plaintiff had since disavowed); *see also Farley v. Dolgen Cal. LLC*, No. 2:16-cv-02501-KJM-EFB, 2017 WL 3406096, at *3-5 (E.D. Cal. Aug. 9, 2017) (rejecting unsubstantiated declarations from a Workforce Reporting Analyst and the Senior Director of Business Law as "speculative and self-serving" in their assertions about employment information and therefore holding that the defendant "has neither fully supported its [damages] estimate nor sufficiently explained its reasonableness").

The Court finds Plaintiffs' cited authority to be persuasive and accurately representative of the type of admissible evidence parties are required to submit at the summary judgment phase. "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Thus, to rely on the Lu declaration as competent "summary-judgment-type" evidence, the Court must find that Lu's declaration was based on Lu's personal knowledge and sets forth facts that would be admissible at trial. *See Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment.") (citing Fed. R. Civ. P. 56(e)). However, the focus on admissibility is not the "form" of the evidence presented but the "contents" of the evidence offered. *See Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001)); *see also Garcia*, 207 F. Supp. 3d 1114, 1121-22 (C.D. Cal. 2016) (citing *Orr* and *Fraser* in setting forth the evidentiary standards applicable to the question of whether a removing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

defendant's proffered evidence to support CAFA jurisdiction should be relied upon as "summary-judgment-type" evidence).

     Where a declarant submits a barebones, conclusory statement regarding his or her employer's information, without providing a sufficient foundation to confirm that the declarant has personal knowledge about the proffered information or how the declarant arrived at the conclusions reached, it would be improper for a court to rely on that declaration even if the declarant otherwise seems competent and is in a sufficient position with the company to confirm that information. In *Davis*, the court rejected the "unsupported and conclusory statements" about the defendant's relevant employment statistics contained in a declaration made by the defendant's Senior Vice President of Finance. 2018 WL 4940801, at *2. Here, unlike the declarant in *Davis*, who was an executive at the company, Lu is merely a "Staff Accountant" at The Now and has not established that she has personal knowledge regarding employment records generally. Lu's position does not naturally correlate to one requiring comprehensive knowledge and familiarity with all of The Now's employment records, let alone the accuracy of those records. Moreover, Lu has not even stated in her declaration how long she has worked for The Now, meaning that Lu does not have any basis to confirm the accuracy of any employment records she reviewed.

     Lu's only personal knowledge is based on her review of the vague employment records, including personnel files, compensation records, schedule records, payroll records, and "documents compiling data from these records," Lu Decl. ¶ 1, prior to submitting her declaration about what those records contain. But the pertinent content of Lu's declaration—discussing the content of these employment records—is inadmissible hearsay predicated upon unauthenticated business records. For hearsay to be admissible under the business records exception, the party offering records must establish, inter alia, that (A) the record was made contemporaneously by someone with knowledge as to the contents of the record, (B) the record was kept in the ordinary course of business, (C) making the record was a regular practice of business, and, most importantly, (D) the record is introduced by a custodian or other qualified witness. *See* Fed. R. Evid. 803(6). Lu has not established a foundation that she has personal knowledge that the information contained in the records she reviewed was made contemporaneously. Nor has Lu offered competent evidence that the records she reviewed were produced and maintained as part of The Now's regular business practices; Lu's conclusory statement that these records were "created, kept, and maintained in the ordinary course of business," Lu Decl. ¶ 1, comes without a shred of supporting evidence or foundation as to Lu's personal knowledge about such a claim. Because Lu's declaration is insufficient to establish that the business records exception applies, the Court declines to rely on the Lu declaration as admissible summary-judgment-type evidence for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

purposes of Plaintiffs' motion to remand. *See Garcia*, 207 F. Supp. 3d at 1122 (finding the declaration at issue insufficient to be summary-judgment-type evidence in part because the declaration "does not establish that the records, or the employment and wage statement figures that [the declarant] claims are contained within the records, fall under any exclusion or exception to the hearsay rule").[4]

Defendants cite to district court cases holding that declarations by personnel employed by the defendant constitute sufficient "summary-judgment-type evidence" to satisfy the defendant's burden of persuasion if those declarations provide relevant information pertaining to class members, with an explanation as to the method by which those figures were arrived. *See, e.g.*, *Jones v. Tween Brands, Inc.*, No. CV 14-1631 ODW, 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014) (finding a declaration from the defendant's Vice President of Human Resources regarding the number and average wages of putative class members to be "competent evidence" supporting the defendant's amount-in-controversy allegations without the need for the defendant to provide underlying payroll data); *Feao v. UFP Riverside, LLC*, No. CV 17-3080-PSG-JPRx, 2017 WL 2836207, at *3 (C.D. Cal. June 29, 2017) (accepting a declaration from the defendant's Direct of Compensation and HR Systems as "competent" evidence of the number of putative class members, average wages, and the number of class members terminated during the relevant time period).

*Jones* and *Feao* are distinguishable from the declaration at issue in this case. Importantly, the declarants in *Jones* and *Feao* were a Vice President of Human Resources and a Director of Compensation and HR Systems, respectively, which the courts correctly found to be a sufficient foundation for the declarant's personal knowledge as to the accuracy of the information presented. *See, e.g.*, *Jones*, 2014 WL 1607636, at *2 ("All of this is information that one would expect someone in [the declarant's] position, as a head of human resources, to have."); *Feao*, 2017 WL 2836207, at *3 (admitting the declaration as competent evidence of the declarant's personal knowledge about the business records relied upon and citing *Jones* for the proposition that "an HR manager could be expected to have all the information and to testify competently about the contents of the declaration"). Here, by contrast, Defendants have not provided a basis for the Court to conclude that, as a "Staff Accountant,"

---

[4] As the *Garcia* court further noted, "[t]o the extent that [the declarant] merely repeats employment and wage statement information that he read in company records, that information is not within his personal knowledge." *Garcia*, 207 F. Supp. 3d at 1122 n. 4; *see also AMCO Ins. Co. v. Madera Quality Nut LLC*, No. 1:04-CV-06456-SMS, 2006 WL 2091944, at *5 (E.D. Cal. July 26, 2006) ("Personal knowledge consists of what a witness actually directly observed or perceived through his or her own senses.") (citing Fed. R. Evid. 602). The same is true for Lu's statements about the employment records she reviewed; to the extent that Lu merely conveys the information written in those employment records, the accuracy of that information is not within Lu's personal knowledge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

Lu is an appropriate custodian for these records and has personal knowledge as to their authenticity. Lu's role with The Now does not appear to be a managerial one requiring authentication and oversight of voluminous business records for the entire company regarding employee count, payroll, and shift information. Therefore, Lu's declaration does not provide the Court with a foundational basis to conclude that Lu would be expected to have all of the same information during the normal course of employment in her role as a "Staff Accountant."[5]

Simply put, without a proper foundation establishing Lu's personal knowledge as to the authenticity and accuracy of the employment records she reviewed, Defendants' proffered declaration is wholly insufficient to establish that the "content" of Lu's declaration is based on admissible, non-hearsay evidence under the business records exception. *See Fraser*, 342 F.3d at 1036-37. Lu's declaration would not be admissible at summary judgment or trial for a clear lack of foundation and personal knowledge as to the authenticity of the records Lu relies upon to support her assertions. To meet their evidentiary burden, Defendants simply and easily could have attached some of the records referenced, or even the simple data compilation documents used to produce the raw numbers Lu cites in the declaration, as documentary support for Lu's assertions about The Now's employment of massage therapists. The failure to attach any supporting documentation necessarily means that Lu's declaration does not have a proper foundation and is not properly authenticated under the Federal Rules of Evidence. *See Garcia*, 207 F. Supp. 3d at 1121-22 (rejecting as inadmissible a declaration from the defendant's Senior Regional Asset Production Manager because the declaration "does not describe sufficiently the source of [the declarant's] personal knowledge" and "neither attaches the records he reviewed nor attempts to establish that they are authentic" as necessary to establish the business records exception).

---

[5] Defendants cite to numerous other cases in their sur-reply finding that declarations stating facts from business records are sufficient to establish the defendant's "preponderance of the evidence" standard, even if the underlying business records are not provided in connection with the declaration. Dkt. 22 at 5-6; *see, e.g.*, *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at \*6 (C.D. Cal. May 9, 2011) (finding that the "compensation manager" for the defendant had personal knowledge to testify about the defendant's stores and employees because the declarant "established a sufficient foundation for his testimony . . . by declaring that his knowledge was *based on his normal business responsibilities*" as well as a personal review of the records at issue) (emphasis added). *Ray* and the other cases cited by Defendants in the sur-reply are distinguishable for the same reasons as *Jones* and *Feao*—namely, the lack of information establishing Lu's personal knowledge as to the authenticity and accuracy of the non-attached business records, which cannot be gleaned solely from Lu's job title.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

In summary, the only affirmative evidence offered by Defendants in opposition to Plaintiffs' challenge to the amount-in-controversy requirement under CAFA is Lu's declaration, which is inadmissible in both form and substance. Accordingly, Defendants have necessarily failed to meet their evidentiary burden to show by a preponderance of the evidence that the FACC asserts claims that might exceed $5 million in the aggregate.[6]

### 2. *Defendants' Assumptions from Plaintiffs' Allegations*

Defendants' failure to satisfy their evidentiary burden in response to Plaintiffs' motion to remand is alone sufficient to require that the Court grant Plaintiffs' motion, because the FACC does not provide a basis to estimate the total damages sought in the aggregate. Therefore, the Court need not address Plaintiffs' arguments as to the deficiencies in Defendants' assumptions based on the FACC in support of their calculation of the amount in controversy, and the Court declines to do so at this time. It is sufficient to resolve this case that Defendants did not submit any competent, admissible evidence to support their burden of persuasion as required by the Supreme Court *Dart Cherokee*.

### 3. *Summary*

Per the above analysis, Defendants have not met their burden to submit admissible evidence establishing by a preponderance of the evidence that Plaintiffs' possible damages as articulated in the FACC could exceed $5 million. Therefore, Defendants have not met their burden on removal to establish that the FACC satisfies CAFA's amount-in-controversy requirement.

---

[6] To be clear, the Court does not hold in this Order that Defendants were affirmatively required to attach any of the referenced records to the Lu declaration in order to render the declaration admissible. Defendants could have produced an admissible declaration laying a proper foundation for the information contained in the declaration, which would have been sufficient to meet Defendants' burden to establish CAFA jurisdiction by a preponderance of the evidence. The only defects identified by the Court are in the substance of Lu's declaration, which is wholly insufficient to establish that Lu has personal knowledge as to the admissibility of the business records to which she testifies. To the extent that any of the cases cited by Defendants admitted the declarations at issue even though the substance of those declarations did not satisfy the requirements of the business records exception to hearsay, the Court believes those cases were wrongly decided by incorrectly relying upon evidence which was not "summary-judgment-type" evidence according to the applicable federal rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10152-SVW-MRW | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Copeland Richards et al. v. The Now, LLC et al.* | | |

### III. Conclusion

For the reasons set forth above, Defendants have not met their burden to show by a preponderance of the evidence that this Court has federal subject-matter jurisdiction over Plaintiffs' claims in the FACC pursuant to CAFA. Therefore, the Court GRANTS Plaintiffs' motion to remand this case to state court.

Defendants' motion to dismiss the FACC, Dkt. 14, is DENIED as moot.

IT IS SO ORDERED.

:

Initials of Preparer     PMC